UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-cv-20530-KING

GEORGE FRYE,

    Plaintiff,

vs.

CAPITAL ONE AUTO FINANCE and
EQUIFAX INFORMATION SERVICES
LLC,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART

THIS CAUSE comes before the Court upon Defendant Capital One Auto Finance's Motion for Partial Dismissal (DE 8). Plaintiff Frye, proceeding pro se, has brought an action for damages against Defendants Equifax Information Services LLC and Capital One Auto Finance, alleging that they have been reporting derogatory and inaccurate statements and information about Frye and his credit history to third parties.

Relevant here,[1] Frye alleges that Capital One has violated the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), the Florida Fair Debt Collection Practices Act ("FDCPA"), and the Florida Consumer Collection Practices Act ("FCCPA"). Capital One moves for a partial dismissal[2] on two grounds: (1) Frye's Florida Consumer Collection Practices Act claim is preempted by the Fair Credit Reporting Act; and

---

[1] Equifax answered the complaint (DE 5).

[2] Capital One notes that it does not presently move to dismiss Frye's Fair Credit Reporting Act claim, but makes no mention of Frye's Florida Fair Debt Collection Practices Act claim.

(2) Frye's Fair Debt Collection Practices Act claim must be dismissed for failure to allege that Capital One is a "debt collector" as that phrase is defined in the Act.

To begin with Capital One's preemption argument, one could conclude that it must be rejected simply because Frye did not allege that Capital One violated the FCCPA. The "Counts" of Frye's complaint are organized by defendant, rather than by cause of action. Count II pertains to Capital One and makes no mention of the Florida Consumer Collection Practices Act. *See* DE 1-1, at 5. Yet in Frye's Response to the instant motion, he clearly argues that Capital One violated the FCCPA. DE 15, at 5. Mindful that pro se filings are to be construed with some liberality, the Court finds it appropriate to consider Capital One's preemption argument on the merits.

The FCRA contains an express preemption provision. Capital One relies on the following subsection:

> No requirement or prohibition may be imposed under the laws of any State--
> (1) with respect to any subject matter regulated under--
> . . .
> (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

15 U.S.C. § 1681t(b)(1)(F). "Section 1681s-2 sets forth a creditor's duty to report accurate information to the consumer reporting agencies, and steps it must take upon notification of a dispute" by credit reporting agencies. *Best v. Bluegreen Corp.*, No. 14-80929, 2014 WL 6883083, at *2 (S.D. Fla. Dec. 4, 2014). Capital One does not cite controlling authority in support of its preemption argument, yet some courts within the Eleventh Circuit have recognized that the FCRA's preemption provision "preempt[s] claims based on furnishing of

information to reporting agencies . . . ." *Arianas v. LVNV Funding LLC*, No. 8:14-cv-01531-T-27EAJ, 2015 WL 404238, at *5 (M.D. Fla. Jan. 8, 2015); *see also Davidson v. Capital One, N.A.*, No. 14-20478, 2014 WL 3767677, at *2 (S.D. Fla. July 31, 2014) (concluding that the FCRA preempts FCCPA claims based on reports to credit-reporting agencies); *Osborne v. Vericrest Fin., Inc.*, No. 8:11-cv-716-T-30TBM, 2011 WL 1878227, at *2–3 (M.D. Fla. May 17, 2011) (dismissing a FCCPA claim "to the extent that" it "is premised on credit reporting activity"). Courts within the Eleventh Circuit have also highlighted the limited nature of the preemption provision. It does not, for example, preempt unfair debt collection practices claims based on debt collection that is separate from credit reporting. *See Arianas*, 2015 WL 404238, at *2. Nor does it preempt claims premised on representations made to a plaintiff rather than to a third-party credit-reporting agency. *See Best*, 2014 WL 6883083, at *3.

In accordance with the above-cited authorities, Frye's FCCPA claim is preempted to the extent that it is based on Capital One's furnishing of information to credit-reporting agencies, or on Capital One's failure to take statutorily required steps upon being notified by credit-reporting agencies of a dispute. However, Frye's allegations of wrongful conduct are not limited to such allegations. In pertinent part, he alleges that "Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown." DE 1-1, at 3. In light of these allegations, the Court cannot conclude that Frye's FCCPA claim is preempted in its entirety. Accordingly, Frye's FCCPA claim is due to be dismissed in part.

As for Frye's Fair Debt Collection Practices Act claim, the Court concludes that it must be dismissed for failure to allege that Capital One is a "debt collector" as that phrase is defined in the Act. In order to be held liable under the FDCPA, a defendant must be a "debt collector," which "means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, **debts owed or due or asserted to be owed or due another**." 15 U.S.C. § 1692a(6) (emphasis added). Frye does not allege that Capital One's actions relate to debts "owed or due or asserted to be owed or due to another." Having failed to do so, he fails to state a FDCPA claim against Capital One upon which relief can be granted. The Court will dismiss Frye's FDCPA claim without prejudice to Frye's ability to amend, to allege the FDCPA prerequisites if he can do so in good faith.

Therefore, it is **ORDERED, ADJUDGED, and DECREED**:

1. Defendant Capital One Auto Finance's Motion for Partial Dismissal **(DE 8)** be, and the same is, hereby **GRANTED in part and DENIED in part**.

    a. Plaintiff's Fair Debt Collection Practices Act claim against Defendant Capital One Auto Finance is dismissed without prejudice.

    b. Plaintiff's Florida Consumer Collection Practices Act claim against Defendant Capital One Auto Finance is dismissed with prejudice only to the extent that it is based on Capital One's furnishing of information to credit-reporting agencies, or on Capital One's failure to take statutorily required steps upon being notified by credit-reporting agencies of a dispute.

2. Plaintiff is hereby granted leave to file an amended complaint within 20 days of the date of this Order.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 6 day of June, 2015.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record

George Frye
759 S. Biscayne River Drive
Miami, FL 33169